IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11268
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AUDREY VARNER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-86-5
- - - - - - - - - -
June 30, 1998
Before DUHÉ, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Audrey Varner appeals from her conviction and sentence for importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B).  She contends that the district court erred:  1) in its attribution of drug quantity for purposes of assessing relevant conduct; 2) by denying her request for an adjustment in her offense level based on her minor role in the offense; and 3) by denying her request for a downward departure based on her disadvantaged upbringing.  We have reviewed the record

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined  that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the briefs of the parties, and conclude that no reversible error was committed. The district court did not clearly err either in its attribution of the relevant drug quantity or in its denial of Varner's request for an adjustment based on her minor role. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995); United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989). Additionally, because the district court's decision to not depart from the applicable guidelines range based on Varner's disadvantaged upbringing was a correct application of the guidelines, the court's decision is unreviewable on appeal. See United States v. DiMarco, 46 F.3d 476, 478 (5th Cir. 1995).

AFFIRMED.